IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: ARKANSAS CATFISH GROWERS, LLC, | * * | (Case No. 04-16658-jgm-7) |
| Debtor, | * | |
| | | |
| RENEE S. WILLIAMS, Chapter 7 Trustee, | * * | |
| Plaintiff, | * | |
| vs. | * * * | No. 5:06cv00307 SWW (Adversary No. 06-01276) |
| BAXTER LAND COMPANY, INC., FRANK A. PUGH, THOMAS R. PUGH, and DAVID M. YOCUM, IV, | * * * * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

On July 18, 2006, the trustee in this Chapter 7 case, Renee S. Williams, filed a complaint (subsequently amended) in the United States Bankruptcy Court for the Eastern District of Arkansas to avoid preferential transfer to guarantors. The trustee seeks to recover from Jeff Baxter, Frank A. Pugh, Thomas R. Pugh, and David M. Yocum, IV, certain alleged preferential transfers made to the Arkansas Development Finance Authority ("ADFA"). *See* Am. Compl. [doc.#3]. By Order entered November 30, 2006, this Court, on the unopposed motion of separate defendant Yocum, withdrew the reference to the United States Bankruptcy Court and directed that this matter be transferred to the United States District Court for the Eastern District of Arkansas for a jury trial. The matter is now before the Court on Yocum's motion to dismiss the amended complaint for failure to join a necessary party under Fed.R.Civ.P. 19 and for failure to state a claim under Fed.R.Civ.P. 12(b)(6) [doc.#'s 20, 22]. The trustee has responded in opposition to Yocum's motion, Yocum has filed a reply to the trustee's response, and the trustee

has filed a response to Yocum's reply. Having considered the matter, the Court denies Yocum's motion to dismiss.

I.

According to the trustee's amended complaint, on February 28, 2002, Farm Fresh Catfish Company ("FFCC") borrowed $3,000,000 from the ADFA. The note was guaranteed by the following persons in the indicated percentage amounts:

> Jeff Baxter – 16.67%
> Frank A. Pugh and Anessa Pugh – 27.78%
> Thomas R. Pugh and Cynthia L. Pugh – 27.78%
> David Yocum IV – 27.78%[1]

On September 1, 2002, the debtor, Arkansas Catfish Growers, LLC, purchased certain assets of FFCC, consisting of accounts, inventory, furniture, fixture and equipment, and facilities in Hollindale, Mississippi, and Lake Village, Arkansas. The debtor also assumed the ADFA note, the balance of which at the time of assumption was approximately $2,959,301. The debtor did not execute a security agreement at the time of the transfer of the note to secure the debt owed to ADFA. ADFA was still secured by the assets of FFCC, but such property apparently became valueless when FFCC ceased operating. In this respect, the trustee contends that on September 1, 2002, the only collateral held by ADFA to secure the note was the personal guarantee of the above-listed parties. The note was not otherwise secured until September 30, 2003, at which time the debtor gave ADFA a new security agreement and new deeds of trust on facilities at Eudora, Arkansas, Lake Village, Arkansas, and Hollindale, Mississippi, plus furniture, fixture and equipment at each location, and accounts and inventory of the debtor.

---

[1] Annessa Pugh and Cynthia L. Pugh are no longer defendants pursuant to a stipulation of dismissal.

The trustee deems this transfer a preference for the following reasons:

a. On September 30, 2003, the date ADFA obtained the new collateral, the exposure of the above-listed parties under their continuing guaranty agreements given on February 28, 2002, was significantly reduced by ADFA collateralizing the note.

b. The transfer was made within one year prior to June 8, 2004, the date of the filing of the above-captioned case.

c. The debtor transferred new collateral for the benefit of the guarantors, all of whom are insiders, in values that at least total the value of the processing facilities located in Hollindale, Mississippi, and the Lake Village, Arkansas plants.

The trustee states that the transfer was made while the debtor was insolvent, and that the transfer will enable defendants to recover more than they would receive as a creditor if: (a) the bankruptcy case were a case under Chapter 7 of Title 11, United States Code; (b) the transfer had not been made; and (c) the defendants received payment of its debts to the extent provided by the provisions of Title 11.  The trustee contends that the transfer of collateral constitutes a voidable preference against the guarantors to the extent of the proportionate amount of their respective liabilities and that she is entitled to set aside and recover back the value of the transfer pursuant to 11 U.S.C. § 547(b).

II.

Yocum argues that ADFA is the original transferee of the security interest that the trustee now seeks to avoid and that prior to the trustee being entitled to recovery from any party pursuant to 11 U.S.C. § 550(a),[2] the trustee must first avoid the transfer to ADFA pursuant to 11

---

[2] Section 550(a) provides:
(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--

3

U.S.C. § 547(b).[3]  Accordingly, argues Yocum, ADFA is a necessary party to this action and the amended complaint must be dismissed for failure to join ADFA as a defendant under Fed.R.Civ.P. 19[4] and for failure to state a claim under Fed.R.Civ.P. 12(b)(6).[5]

Yocum is incorrect in arguing that the trustee must first avoid the alleged preferential transfer made to ADFA on the guaranteed debt prior to seeking recovery from the guarantors. To the contrary, § 547(b)(1) "contemplates that either the initial transferee or the transfer beneficiary, or both, can be sued for avoidance." *In re Connolly North America, LLC*, 340 B.R. 829, 838 (Bankr.E.D.Mich. 2006). "It is therefore permissible for a trustee to seek to avoid preferential transfers and recover them in an action brought only against a transfer beneficiary

---

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee.

[3] Section 547(b) provides:
(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made--
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if--
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

[4] Under Rule 19(a), a party is necessary if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the absent party is a necessary party as defined in Rule 19(a), but joinder is not feasible, the court must then determine under Rule 19(b) whether the party is indispensable or whether "in equity and good conscience the action should proceed among the parties before it."

[5] In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996), *cert. denied*, 519 U.S. 1149 (1997).

under §§ 547 and 550(a)(1)." *Id.* at 840. *See also In re Midwest Mobile Technologies, Inc.*, 304 B.R. 787, 788-89 (Bankr.S.D.Ohio. 2003) (noting that a guarantor of a debtor is a "creditor" under 11 U.S.C. § 101(9)(A), that transfer in payment of a guaranteed debt may constitute a transfer "for the benefit of a creditor" under § 547(b)(1), and that if a trustee proves the remaining elements under § 547(b), he or she may obtain recovery from the guarantor); *In re M2Direct, Inc.,* 282 B.R. 60 (Bankr.N.D.Ga.2002) (noting that a transfer from a debtor to an outside lender that benefits an insider guarantor is a preference if it is made within the year before bankruptcy, assuming the other elements of § 547 are satisfied; trustee may seek full recovery against the insider guarantors).

Moreover, given the allegations of the amended complaint – that Yocum is an insider guarantor of the debtor (along with the other guarantors), that he received a benefit when the debtor made the transfer of the collateral in question to ADFA, thereby reducing his exposure under the note, and that the transfer occurred between 90 days and one year prior to the filing of the petition in bankruptcy court – the trustee would be precluded under 11 U.S.C. § 547(i)[6] and 11 U.S.C. § 550(c)[7] from pursuing avoidance or recovery from the transferee – ADFA – which is not alleged to be an insider. *See In re Connolly North America, LLC,* 340 B.R. at 835 n.9 (noting that avoidance as to the non-insider is now precluded by the Bankruptcy Abuse

---

[6] Section 547(i) provides:
If the trustee avoids under subsection (b) a transfer made between 90 days and 1 year before the date of the filing of the petition, by the debtor to an entity that is not an insider for the benefit of a creditor that is an insider, such transfer shall be considered to be avoided under this section only with respect to the creditor that is an insider.

[7] Section 550(c) provides:
(c) If a transfer made between 90 days and one year before the filing of the petition--
(1) is avoided under section 547(b) of this title; and
(2) was made for the benefit of a creditor that at the time of such transfer was an insider;
the trustee may not recover under subsection (a) from a transferee that is not an insider.

Prevention and Consumer Protection Act of 2005, which added § 547(i)); *In re Mid South Auto Brokers, Inc.*, 290 B.R. 658, 662 (Bankr.E.D.Ark. 2003) (noting that Bankruptcy Reform Act of 1994 inserted § 550(c) into the Bankruptcy Code to prevent recovery from a non-insider creditor during the 90-day to one-year period).  The non-insider in cases pending or commenced on or after April 20, 2005, is insulated from preference attack.  Richard Levin & Alesia Ranney-Marinelli, *The Creeping Repeal of Chapter 11: The Significant Business Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 79 Am. Bankr.L.J. 603, 637 and n.60 (2005).

For the foregoing reasons, ADFA is not a necessary party in this preference action brought by the Chapter 7 trustee against Yocum and the other guarantors, as parties for whose benefit the transfer was allegedly made, and the trustee's amended complaint states a claim for which relief may be granted.

IT IS THEREFORE ORDERED that Yocum's motion to dismiss the amended complaint [doc.#'s 20, 22] be and it hereby is denied.

Dated this 25th day of January, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE